CARL MILLER, Respondent, v. ED CAFFRAY, Appellant.

(192 N. W. 974.)

**Account stated — action properly brought on account stated.**

In an action upon an account stated, where merchandise was sold, thereafter a note given therefor, later, a payment made, the note surrendered to defendant, and a slip made, signed by the defendant, evidencing the balance due, and, where, before action commenced, defendant destroyed the note, it is *held*, for reasons stated in the opinion, that the action was properly brought and that the evidence supports the jury's verdict that the merchandise was sold by plaintiff to defendant.

Opinion filed March 26, 1923.

Accounts and Accounting, 1 C. J. § 331 p. 706 n. 99.

In District Court, Logan County, *McKenna, J.*

Action upon account stated.

Defendant has appealed from a judgment.

Affirmed.

*Arthur B. Atkins* and *Scott Cameron*, for appellant.

*I. F. Wagner*, for respondent.

BRONSON, Ch. J. Plaintiff recovered, in justice's court, judgment upon a general account for goods and merchandise sold. Defendant appealed to the district court. There, after reframing of the pleadings and trial de novo before a jury, plaintiff recovered a judgment for $130.70. Defendant has now appealed to this court.

The complaint in the district court alleges an account stated for $90 and interest. The defense is a general denial and that plaintiff's claim was the debt of a third person which defendant never, in writing, had agreed to pay. Plaintiff conducted a store in Napoleon, North Dakota. Goods were furnished by plaintiff to defendant and to his tenant in the amount of $198.

Later, pursuant to plaintiff's testimony, defendant gave a note therefor and received from plaintiff the charge slips for the goods sold. Later, he paid plaintiff $108 upon this note. Plaintiff surrendered to defendant the note, upon the understanding that defendant would pay the balance in a few days. Plaintiff thereupon made a slip which showed a balance of $90 owing plaintiff upon sales to defendant. Later,

defendant signed this slip. Defendant destroyed the note. Defendant contends that erroneously plaintiff has brought this action upon an account stated instead of upon the note. This contention is without merit. Suit was upon an account stated, that is, upon a settled account. Defendant was in no position to complain concerning the form of the action after the destruction of the note and signing the slip that evidenced the balance due upon this account as a settled account. The defendant also maintains that there is no proof of any oral agreement or promise on the part of defendant in the record to pay for goods furnished the tenant. This contention is likewise without merit, for there is direct evidence, sufficient to support the jury's verdict, that the goods were sold by plaintiff to defendant.

The judgment is affirmed with costs.

CHRISTIANSON, JOHNSON, BIRDZELL, and NUESSLE, JJ., concur.